# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

WHITNEY ROMAN,       )
            )
   Plaintiff,      )
            )
   v.         )   No. 5:19-CV-06095-DGK
            )
AFFINITY WORLDWIDE, LLC,   )
AFFINITY MEDIA SERVICES, LLC, and )
THM MANAGEMENT, LLC,    )
            )
   Defendants.     )

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF JUDGMENT AS TO DAMAGES

   This is a copyright infringement suit that arose after Defendants reproduced a photograph taken by Plaintiff on the cover of their magazine without her consent in January 2019. On June 25, 2020, the Court entered partial default judgment in Plaintiff's favor after Defendants[1] failed to respond to the complaint and allowed Plaintiff to engage in post-judgment discovery to determine her damages. *See* Partial Default J. Order, ECF No. 32. On August 11, 2022, after considering Plaintiff's motion for default judgment as to damages and her supporting affidavit, the Court determined Plaintiff was entitled to $60,000 in damages plus pre- and post-judgment interest in accordance with the rate prescribed by 28 U.S.C. § 1961. *See* Damages Order, ECF No. 51.

   Now before the Court is Plaintiff's Motion for Relief Judgment as to Damages pursuant to Federal Rule of Civil Procedure 60(b)(6). ECF No. 52. Defendants have not responded. For the reasons stated below, Plaintiff's motion is DENIED.

---

[1] Affinity Worldwide, LLC and Affinity Media Services, LLC are the only remaining Defendants. The Court dismissed THM Management, LLC for lack of personal jurisdiction on April 23, 2022. ECF No. 29.

Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for" numerous reasons, including mistake, newly discovered evidence, fraud, voidness, satisfaction, and "(6) any other reason that justifies relief." Here, Plaintiff's motion simply summarizes the history of her case and vaguely concludes: "Plaintiff contends that offering evidence, in addition to the uncontroverted facts, contained in her affidavit, would provided [sic] the Court with further information, enabling a more detailed finding, and calculation of damages." Pl.'s Mot. at 3.

Plaintiff has failed to demonstrate she is entitled to relief under Rule 60(b)(6). Plaintiff does not state, nor describe, appropriate grounds for amending the Court's earlier damages calculation, nor does she offer any supporting caselaw. Plaintiff already engaged in nearly two years of post-judgment discovery (from June 25, 2020, to February 14, 2022), at which time the Court concluded she had only proven $60,000 in damages to a "reasonable degree of certainty." *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001). Given the lack of additional information at this time, the Court reiterates its earlier findings and concludes Plaintiff's damages remain the same. Plaintiff's motion is, therefore, DENIED.

**IT IS SO ORDERED.**

Date: January 3, 2023          /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT